Gen. 29]                                                              29

**CLERKS OF COURT**

COURTS AND JUDGES – JUDICIAL ADMINISTRATION – PERSONNEL – AUTHORITY OF COURT OF APPEALS EXTENDS TO BALTIMORE CITY CIRCUIT COURT CLERK'S OFFICE

September 23, 1994

*The Honorable Robert C. Murphy*
*Chief Judge*
*Court of Appeals*

You have requested our opinion concerning adherence by circuit court clerks to the personnel policies established pursuant to Rule 1212 of the Maryland Rules of Procedure. More specifically, you ask whether Title 2, Subtitle 5A of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code, limits the authority of the Court of Appeals to implement and enforce personnel procedures in the Baltimore City Circuit Court Clerk's office. You also question what disciplinary action may be taken against employees of a circuit court clerk's office who fail to adhere to the personnel policies.

For reasons set forth below, we conclude that the Court's authority over circuit court clerks' offices is uniform and is in no way curtailed in the Baltimore City Circuit Court Clerk's office by reason of CJ Title 2, Subtitle 5A. The consequence for noncompliance with the rule or the policies adopted pursuant to it, including disciplinary action, may be determined by the Court in light of the particular circumstances.

**I**

**The Court's Authority Over Clerks' Offices**

*A.    Overall Authority*

As your opinion request notes, the laws governing the business and operations of the circuit court clerks' offices were amended in several respects in 1990. By Chapter 62 of the Laws of Maryland

1990, ratified by the voters on November 6, 1990, Article IV, §§10 and 26 of the Maryland Constitution were amended so that the offices and business of the clerks, including the appointment and removal of their deputies and employees, became subject to rules adopted by the Court of Appeals.[1]  Concomitantly, Chapter 515 of the Laws of Maryland 1990 amended various statutory provisions affecting the business and operations of the circuit court clerks' offices, including several in CJ Title 2.  Most pertinently, CJ §2-505(b) provides that "[t]he procedure for appointment and removal of personnel in the clerk's office shall be as provided by rules adopted by the Court of Appeals."  This provision also gives the Court authority to determine by rule whether personnel in the clerks' office are to be within the State Personnel Management System, subject to the authority of the Secretary of Personnel, "or in the personnel system of the Judicial Branch."

The Court of Appeals opted for the latter.  Maryland Rule 1212, adopted by the Court on May 9, 1991, and effective July 1, 1991, provides in section d that "standards and procedures for the selection, appointment, promotion, reclassification, transfer, demotion, suspension, discharge or other discipline" of clerks' office employees shall be developed by the State Court Administrator, subject to the approval of the Court of Appeals.[2]

The procedures that have been developed and approved pursuant to Rule 1212 d are binding uniformly on all circuit court

---

[1] The wording of §10(a)(2) is now as follows:  "The office and business of the Clerks, in all their departments, shall be subject to and governed in accordance with rules adopted by the Court of Appeals ...."  Prior to this change in the Constitution, clerks' offices were subject to the visitorial powers of the local judges.  *See* Article IV, former §10.

[2] Rules 1212 and 1213 replaced Interim Rule 1219A, which was adopted November 29, 1990 and became effective on the date that the Governor issued the proclamation with respect to the amendments of Article IV, §§10 and 26.  The interim rule itself replaced your Administrative Order issued pursuant to Article IV, §18(b) of the Constitution and applied to the clerks' offices from the time the clerks commenced their new term of office on or about December 1, 1990 until Interim Rule 1219A became effective on December 28, 1990, the date that the Governor's proclamation was issued.

clerks' offices.  No provision in the Maryland Constitution or the Maryland Code establishes an exception for any circuit court clerk's office.  The special provisions of Article IV, §26 of the Maryland Constitution that formerly applied to deputies and employees in the Washington County Clerk's office and the Baltimore City Clerk's office were eliminated by the 1990 amendments.

## B.    Baltimore City

The former constitutional provision relating to the Baltimore City Circuit Court Clerk's office and the statutory provisions set forth in CJ Title 2, Subtitle 5A were enacted as part of the consolidation of the Baltimore City Supreme Bench and its courts. Chapters 523 through 526 of the Laws of Maryland 1980.  Clerks, deputy clerks, and employees of the courts of the Supreme Bench became deputy clerks and employees of the Baltimore City Circuit Court, subject to the personnel merit system established for that office.

Under the 1990 enactments discussed in Part IA above, all of the circuit court clerks' offices became subject to the rules adopted by the Court of Appeals and the personnel procedures put into effect pursuant to those rules.  While CJ Title 2, Subtitle 5A was not repealed in 1990, it was amended so as to indicate clearly the General Assembly's purpose to replace the former personnel system of the Baltimore City Circuit Court Clerk's office with the personnel system established by the Court of Appeals for all circuit court clerks' offices.  Under Chapter 515 of the Laws of Maryland 1990, CJ §2-5A-03(b) was amended to substitute the State Court Administrator for the State Secretary of Personnel as the third member of the Baltimore City Circuit Court Clerk's office "judicial personnel committee"; the other two members continued to be the Administrative Judge and Clerk of the Baltimore City Circuit Court.

Even more tellingly, the provision of law describing the status of employees of this office was amended to make clear that their "benefits and responsibilities" were to be those of State employees "except as otherwise provided in this *article* ..."– that is, the Courts Article. CJ §2-5A-05. Previously, the exception had been phrased in terms of "this *subtitle*" – that is, the special personnel system for the Baltimore City Circuit Court Clerk's office. This change applied to the Baltimore City Circuit Court Clerk's office the powers granted the Court of Appeals by virtue of the amendments enacted to other parts of the Courts Article under Chapter 515, including the power to decide the nature of the personnel system for clerks' offices.  As

discussed in Part IA above, the Court decided that this system would be in the Judicial Branch and subject to the Court's control, rather than that of the Secretary of Personnel. The Baltimore City Circuit Court Clerk's office is part of that system.[3]

Uncodified Section 7 of Chapter 515 provided that amendments to the Courts Article would not become effective until the Court of Appeals adopted the rules contemplated by the amended constitutional and statutory provisions or until July 1, 1991, whichever was sooner. The General Assembly undoubtedly intended the personnel system in the Baltimore City Circuit Court Clerk's office to continue to apply until the Court of Appeals had an opportunity to adopt the new system for all circuit court clerks' offices. While uncodified Section 2 of Chapter 515 indicated that deputy clerks and employees of the clerks' offices as of June 30, 1990, would continue to hold their positions without diminution of salary, benefits, rights, or privileges, this section in no way undermined the authority of the Court of Appeals to establish a personnel system that, in the Court's discretion, could place the positions of the circuit court clerks' offices in the State personnel system or in the personnel system of the Judicial Branch. CJ §2-505(b).

With the adoption of the personnel system under Rule 1212 and the procedures developed and adopted pursuant to that rule, the former personnel system of the Baltimore City Circuit Court Clerk's office has been effectively superseded. That office, like the other circuit court clerks' offices, is subject to the uniform personnel procedures approved by the Court of Appeals.

## II

### Consequences of Noncompliance

Neither Rule 1212 nor the constitutional and statutory provisions under which the rule was adopted prescribe the

---

[3] In 77 *Opinions of the Attorney General* 147, 153, n. 8 (1992), we characterized the Baltimore City Circuit Court Clerk's office as "an independent personnel merit system." In context, we meant "independent" of the Secretary of Personnel, not independent of the Court of Appeals.

consequences of noncompliance. However, Rule 1-201(a) provides that "[w]hen a rule, by the word 'shall' or otherwise, mandates or prohibits conduct, ... [i]f no consequences [for noncompliance] are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule."

Rule 1212 b provides that all employees of the circuit court clerks' offices (with the exception of the chief deputy clerks, who serve at the pleasure of the clerks) shall be subject to the personnel system established by the State Court Administrator and approved by the Court. If an employee of a clerk's office refuses to comply with the applicable personnel procedures, the Court may determine an appropriate consequence for the noncompliance, including disciplinary action against the employee.[4]

### III

### Conclusion

In summary, it is our opinion that the personnel system established by the Court of Appeals for governance of the circuit court clerks' offices applies uniformly to all offices, including the Baltimore City Circuit Court Clerk's office. The Court of Appeals may determine the appropriate consequences of noncompliance with the established personnel procedures, including the imposition of disciplinary action on employees of a clerk's office.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

---

[4] We do not understand your inquiry to require an analysis of whether a *clerk's* continued noncompliance with personnel procedures might constitute "wilful neglect of duty" and therefore give rise to potential removal under Article IV, §25 of the Constitution.